IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZACHERY STORY (TDCJ No. 2240954), | § § § |
| Plaintiff, | § § |
| V. | §   No. 3:19-cv-1994-B-BN § |
| ELLIS COUNTY COURT 40TH DISTRICT, ET AL., | § § § |
| Defendants. | § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Zachery Story, a Texas prisoner, brings this *pro se* civil rights action related to his state criminal proceedings. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Story's claims as either barred by judicial and prosecutorial immunity, currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or for failure to state a claim on which relief may be granted.

**Legal Standards and Analysis**

Story, convicted of forgery and possession-of-a-controlled-substance offenses in Ellis County in 2018, now alleges civil claims (1) against a state prosecutor because she "asked that [his] bond be set excessively high to ensure that [he] could not make the bond," Dkt. No. 3 at 2, 4; (2) against a state court because he was "appointed ineffective

counsel with overhauled caseload," *id.*; and (3) against a county jail because it "does not provide access to a Law Library for inmates," *id.*

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Story has not.

First, Story asserts claims against two non-jural entities: Defendants Ellis County Courts 40th District and Ellis County Jail. The claims as asserted against

these defendants should be dismissed with prejudice, since a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).

In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Relying on *Darby*, another judge of this Court has held that a county jail is a non-jural entity. *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (collecting cases). Similarly, "[n]either [a] state court nor [a] district attorney's office are jural entities that can be sued." *Smithback v. 265th Judicial Dist. Court*, No. 3:01-cv-1658-M, 2002 WL 1268031, at *5 (N.D. Tex. June 3, 2002).

But, even if these claims were asserted against legal entities subject to suit, each claim would still fail.

Construing the claim against the state court as against the judge of that court, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279,

284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of the factually-plausible allegations related to actions by the state court or the judge of that court reflect that the judge acted outside his judicial capacity. The claim should therefore be dismissed with prejudice.

Further, to the extent that Story requests damages related to a claim of ineffective assistance of counsel, in violation of the Sixth Amendment, civil rights claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted));

*see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." (citing *Heck*, 512 U.S. at 486)); *id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

Because Story fails to show that his convictions have been reversed, expunged, or otherwise declared invalid, a civil claim based on a theory that his criminal trial counsel was constitutionally ineffective is currently barred by *Heck. See, e.g., Mount v. Wakefield*, 738 F. App'x 280, 280-81 (5th Cir. 2018) (per curiam) (affirming dismissal of Section 1983 claim based on alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*).

As to his allegation that an inadequate jail law library violated his constitutional right of access to the courts, to prevail on such a claim, a prisoner must show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). An injury can be shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356. Story has not alleged facts from which it may be inferred that he has a nonfrivolous legal claim that is civil in nature. And, because an inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney, *see Bounds*, 430 U.S. at 828, to the extent that his this claim concerns his state criminal proceedings, the appointment of counsel for

Story in that proceeding satisfies the constitutional requirements, *see id.* at 830-31; *Lewis*, 518 U.S. at 351-52; *see also* Dkt. No. 3 at 3 (resolving Story's grievance on this basis).

Turning to Story's claim based on allegedly excessive bail, to the extent that he asserts it against an assistant county/district attorney, state prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all

actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Because Story alleges no specific facts to show that the Ellis County prosecutor acted outside of the scope of her prosecutorial duties, he has not overcome the absolute immunity that attaches to prosecutors acting within their jurisdiction. And his claims against this defendant should be dismissed with prejudice.

Even so, the claim is meritless. The Eighth Amendment's Excessive Bail Clause states that "[e]xcessive bail shall not be required." U.S. CONST. amend. VIII. But that amendment "says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). And, while the United States Supreme Court "has made clear that bail is excessive under the eighth amendment when set in an amount greater than that required for reasonable assurance of the presence of the defendant," *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) (citing *Salerno*; *Stack v. Boyle*, 342 U.S. 1 (1951), "a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement," *id.* (citing *Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978); citations omitted). That is all that Story has alleged – that his bond was unconstitutionally excessive because, financially, he "could not make the bond." Dkt. No. 3 at 4.

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment

-7-

would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). For the reasons stated above, an amended complaint based on the facts underlying Story's current allegations would not survive a legal challenge under Rule 12(b)(6). Put differently, no set of facts could show that the claims Story asserts currently have "substantive plausibility." *Johnson*, 135 S. Ct. at 347. But, if Story disagrees, the time period for filing objections to these findings, conclusions, and recommendation offer him an opportunity to make his case for amendment.

## Recommendation

The Court should dismiss this action with prejudice for the reasons and to the extent explained above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE